54 F.3d 788
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robin C. NAQUIN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
[1] Defendant-Appellee.
 No. 94-8066.
 United States Court of Appeals, Tenth Circuit.
 May 12, 1995.
 
 Before HENRY, McKAY, and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Robin C. Naquin (claimant) appeals the district court's decision upholding the Secretary's denial of her application for social security disability benefits. Claimant asserted that she has been disabled, beginning in November 1990, due to the pain and limitations resulting from a shoulder injury. The administrative law judge (ALJ) determined, at step five of the applicable five-step sequential analysis, 20 C.F.R. 404.1520; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988), that, although claimant could no longer perform her past relevant work as an obstetrical nurse, she, nonetheless, remained capable of performing other jobs existing in significant numbers in the national economy. Specifically, the ALJ, relying upon the testimony of a vocational expert (VE), determined that claimant could perform the duties required by eighty percent of the existing medical receptionist jobs and twenty percent of existing cashier positions. The Appeals Council denied review, making the ALJ's determination the Secretary's final decision.
 
 
 3
 This court reviews the Secretary's decision to determine only whether [the] findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making [the] decision. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. We cannot reweigh the evidence or substitute our judgment for that of the Secretary.
 
 
 4
 Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991) (citations omitted). At step five, the Secretary bears the burden of establishing that the claimant remains capable of performing jobs existing in significant numbers in the national economy. Ragland v. Shalala, 992 F.2d 1056, 1057 (10th Cir.1993).
 
 
 5
 On appeal, claimant argues that the record does not contain substantial evidence supporting the Secretary's denial of benefits and that, in denying benefits, the Secretary erred in relying upon the VE's testimony. Upon consideration of the record and the parties' written arguments, we find no reversible error. Accordingly, the judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470